**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 20 CR 542 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| RANDY DELGADO | ) | |

**MEMORANDUM OPINION AND ORDER**

A grand jury indicted Defendant Randy Delgado, who had previously been convicted of a felony, for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [13]. He moved to dismiss the indictment on Second Amendment grounds, [28], and this Court denied the motion based upon long-standing precedent, *see* [38], [40]. After the Supreme Court decided *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Defendant asked this Court to reconsider its decision, [58]. The Court declined the invitation, [115], and Defendant appealed. He now moves for release on bond pending appeal, [119]. For the reasons explained below, this Court denies the motion.

I.      **Applicable Legal Standards**

Under 18 U.S.C. § 3143(b), a convicted defendant who receives a custodial sentence must be detained pending appeal, *unless*: (1) the defendant is not likely to flee or pose a danger to the safety of any person or the community if released; (2) the appeal is not for the purpose of delay;[1] and (3) the appeal raises a substantial question

---

[1] In this case, the Government "acknowledges that there is clear and convincing evidence that defendant is not likely to flee and that he does not pose a danger to the community." [133] at 3.

1

of law or fact *and*, "assuming that the question is decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985); *see also* 18 U.S.C. § 3143(b)(1).[2] The defendant bears the burden to show that he does not pose a flight risk "by clear and convincing evidence" and further bears the burden to show that his appeal meets all of the other requirements of the statute. 18 U.S.C. § 3143(b)(1); *see also United States v. Henningsen*, 402 F.3d 748, 751–752 (7th Cir. 2005); *Bilanzich*, 771 F.2d at 298.

Evaluating whether an issue is "substantial" for purposes of the statute requires the district court to "essentially evaluate the difficulty of the question" the court "previously decided." *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986). In other words, "a 'substantial' appeal" is "one that presents a 'close' question or one that very well could be decided the other way." *Id.* (quotation omitted); *see also United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir. 1985) ("So in its particular statutory context 'substantial' must . . . mean close; it must mean that the appeal could readily go either way, that it is a toss-up or nearly so."). Although "the phrase 'substantial question' is not capable of precise definition" and its application "must be left to a case-by-case determination," this formulation of the standard "accords fully

---

Likewise, in its response, the Government does not address the issue of delay, and this Court thus assumes the appeal is not merely a delay tactic.

[2] The Seventh Circuit in *Bilanzich* elaborated that "the substantial question must be one that would result in reversal or a new trial on *all counts* for which the defendant has been sentenced to prison" because otherwise, "the reason for allowing bail on appeal, that a defendant should not be imprisoned under a legally erroneous sentence, disappears." *Bilanzich,* 771 F.2d at 298 n.6 (emphasis added) (quoting *United States v. Powell*, 761 F.2d 1227, 1233 (8th Cir. 1985) (*en banc*)). *See also United States v. Cui*, No. 19-cr-322, [545] (N.D. Ill. Dec. 30, 2024), *aff'd* No. 24-2495, [17] (7th Cir. Jan. 27, 2025).

2

with Congressional intent that the conviction be presumed correct." *Bilanzich*, 771 F.2d at 299 (citing *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985) (en banc); *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985) (per curiam)).

Section § 3143(b)'s two-step analysis "does not require the district court to predict the outcome of the appeal." *United States v. Hattermann*, 853 F.2d 555, 557 n.6 (7th Cir. 1988); *see also Greenberg*, 772 F.2d at 341 (noting the trial judge "does not have to find that he is more likely to be reversed than affirmed"); *Bilanzich*, 771 F.2d at 299 (Requiring district judges to determine "the likelihood of their own error is repugnant, for in such a case the proper remedy would be to rectify the error on post-trial motions."); *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). ("Judges do not knowingly leave substantial errors uncorrected or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error."). Rather, the phrases "substantial question" and "likely to result in reversal or an order for new trial" simply define the "*type of question* that must be presented." *Bilanzich*, 771 F.2d at 299 (quotation omitted) (emphases in original).

## II.      Discussion & Analysis

In his motion for bond pending appeal [119], Defendant identifies a single issue which, according to him, presents a substantial question likely to result in reversal or an order for a new trial: whether a defendant "whose most serious conviction is for a non-violent crime" retains a constitutional right "to keep and bear arms." *Id.* at 1 (citing *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024)).

3

Initially, Mr. Delgado's theory stumbles right out of the gate, because neither the United States Supreme Court nor the Seventh Circuit has mandated the type of individualized assessment implicit in his argument. Moreover, even though the Seventh Circuit has not yet definitively ruled upon the issue, several Circuit Courts have, in fact, addressed and rejected the notion that convicted felons whose underlying predicate offenses were "non-violent" remain constitutionally exempt from § 922(g)(1)'s categorical ban on felons possessing firearms. *See, e.g., Zherka v. Bondi*, 140 F.4th 68, 91–93 (2d Cir. 2025); *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024); *United States v. Peck*, 131 F.4th 629 (8th Cir. 2025); *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025); *United States v. Warner*, 131 F.4th 1137 (10th Cir. 2025). This flaw is fatal to the Defendant's request for bond.

Additionally, even if Mr. Delgado were entitled to the type of individualized assessment he seeks, the record does not support the characterization of his prior felonies as "non-violent" (and thus it remains extremely unlikely that the Seventh Circuit would reverse on that basis).

The Seventh Circuit's recent decision in *United States v. Watson*, 171 F.4th 1012 (7th Cir. 2026), remains instructive here. By 2022, when he was charged with being a felon in possession of a firearm in violation of § 922(g)(1), Edlando Watson's criminal history included felony convictions for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a drug user, in violation of 18 U.S.C. § 922(g)(3). *Watson*, 171 F.4th at 1014. Watson moved to dismiss the grand jury's indictment, arguing that § 922(g)(1) violated the Second

4

Amendment. *Id.* at 1013–14. The district court denied the motion, and Watson appealed, asserting an as-applied challenge to the statute. *Id.* at 1016. The Seventh Circuit rejected his challenge and affirmed, finding that the "categorical disarmament laws 'confirm what common sense suggests': individuals convicted of dangerous felonies pose a risk to society and may be disarmed consistent with the Second Amendment." 171 F.4th at 1023–24 (quoting *United States v. Rahimi*, 602 U.S. 680, 698 (2024)). In its decision, the Seventh Circuit explicitly found that "a felony drug conviction is a 'dangerous' crime" and that "federal caselaw well substantiates that drugs and guns together are dangerous." *Id.* at 1023 (citing cases).[3]

Like Mr. Watson, Mr. Delgado has a criminal history that includes "a felony drug conviction." *Id.* In 2006, Chicago Police charged Mr. Delgado with the manufacture or delivery of both cannabis and cocaine after a search of his residence turned up almost 2 kilos of cannabis (1,900 grams) and a smaller amount of cocaine. Ultimately, he pled guilty to felony possession of more than 500 grams. *See* [123] at 10. To the degree any individualized assessment is necessary under the Second

---

[3] Significantly, the Seventh Circuit also held that, although "*Rahimi* rejected the argument that a person could be disarmed merely for being irresponsible," a "dealer of illegal drugs is more than just irresponsible; he is a threat to the physical safety of society." *Watson*, 171 F.4th at 1024 (citing *Rahimi,* 602 U.S. at 701–02). Based upon the record here, and consistent with *Watson*, this Court clarifies its prior order applying *United States v. Gay,* 98 F.4th 832 (7th Cir. 2024), and now finds explicitly that the Defendant is more than merely "irresponsible" and that he is, indeed, sufficiently "dangerous" to be disarmed, consistent with the Second Amendment. Under *Gay*, this Court did not need to make a specific finding of dangerousness, but the facts and circumstances of this case amply demonstrate it, and, had *Watson* been decided at that time, the Court would still have rejected Mr. Delgado's as-applied challenge.

Amendment, the record simply undermines any claim that Defendant Delgado was not a "dangerous" felon for Second Amendment purposes, or that he was not dealing (rather than just personally consuming) the illegal drugs recovered from his residence, *see, e.g., United States v. Jackson*, No. 23-3072, 2024 WL 4533307, at *2 (7th Cir. Oct. 21, 2024) (affirming a finding that a felony level amount of marijuana, just 31.16 grams there, supports an inference of dealing).

Nevertheless, in his motion, Defendant argues that, because he ultimately pled guilty to the lessor-included offense of felony possession, his predicate felony cannot be categorized as dangerous. But *Watson* does not endorse the convenient lines drawn by Defendant here, picking and choosing which portions of the record face individualized scrutiny and which remain subject to categorical review. To the contrary, *Watson* clearly states that "a felony drug conviction" (not just "a felony drug dealing conviction") constitutes "a 'dangerous' crime." 171 F.4th at 1023; and thus, this Court must reject Defendant's piecemeal approach to the relevant Second Amendment analysis.

In short, Mr. Delgado fails to carry his burden of showing that the Seventh Circuit would endorse his Second Amendment approach and then decline to find him dangerous, merely because he pled guilty to a possession count, where the quantity of drugs involved remains consistent with an intent to distribute, rather than personal consumption. This is especially true, because any individualized assessment of dangerousness (if required at all by the Second Amendment) would consider all the facts and circumstances in the record, including Mr. Delgado's

6

numerous other offenses, in conjunction with his illegal possession of a firearm, an offense unquestionably linked to violence. *See United States v. Gaddis*, No. 23-1913, 2024 WL 7061913, at *2 (7th Cir. June 3, 2026) (recognizing in the context of sentencing that the illegal possession of a firearm constitutes an offense that "risked violence") (citing *Barrett v. United States*, 423 U.S. 212, 218 (1976); *United States v. Walls*, 225 F.3d 858, 865 (7th Cir. 2000)).[4] Despite the conflicting approaches of the Circuit Courts under the Second Amendment, no court has sustained an as-applied challenge to § 922(g)(1) asserted on behalf of someone like Mr. Delgado—a convicted felon whose criminal history includes, among other predicate offenses, a felony drug offense for possession of a half kilo of cannabis (an amount more than ten times the amount demonstrating an intent to distribute in the *Jackson* case).

In sum, under the circumstances here, it remains extremely *unlikely* that the Seventh Circuit would reverse Mr. Delgado's conviction based upon his approach to the Second Amendment. Among other things, "a felony drug conviction is a 'dangerous' crime" and "federal caselaw well substantiates that drugs and guns together are dangerous," *Watson*, 171 F.4th at 1023. Consequently, this Defendant, like Watson, is more than simply irresponsible and is, in fact, a dangerous felon under the Second Amendment. As a result, consistent with § 3143(b), he must be detained

---

[4] As the Seventh Circuit recently recognized, "many courts of appeals have rejected as-applied challenges" by people dealing illegal drugs because the "relation between drug distribution and firearm-related violence is too well established to call for elaboration." *Karwacki v. Kaul*, 171 F.4th 1006, 1008–09 (7th Cir. 2026) (citations omitted). The court expressed its approval of those cases, explaining that, as far as the court could tell, "none of the federal courts of appeals has accepted an as-applied challenge to § 922(g)(1) or a similar state law by a convicted drug distributor." *Id.* at 1009.

pending appeal, and his motion for release pending appeal fails. *See Bilanzich*, 771 F.2d at 298.

## III.   Conclusion

For the reasons explained above, the Court denies Defendant's motion for release pending appeal [119].

Date: June 11, 2026                               ENTERED:

John Robert Blakey
United States District Judge

8